JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 14-09857 SJO (MRWx) | **DATE:** January 26, 2015 |
| **TITLE:** Amelia Terrones Valles v. Zayda Castillo et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES; DENYING DEFENDANT'S REQUEST TO PROCEED IN *FORMA PAUPERIS* AS MOOT** [Docket No. 3]

This matter is before the Court on its own motion. On October 9, 2014, Plaintiff Amelia Terrones Valles ("Plaintiff") initiated this unlawful detainer action in the Superior Court of California, Los Angeles County. (*See generally* Notice of Removal ("Notice") 6-9 ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that Defendants Zayda Castillo, Carla Baides, Nohomi Baides, and Rene Baides (collectively, "Defendants") have failed to pay rent and remain in unlawful possession of the property located at 2022 Keith St., Los Angeles, CA, 90031 (the "Property") after being served with a Notice to Pay Rent or Quit on October 2, 2014. (Compl. ¶¶ 3, 6.) On December 29, 2014, defendant Nohomi Baides removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Here, Defendant Nohomi Baides argues that the Court has federal question jurisdiction over Plaintiff's solitary unlawful detainer claim. (Notice ¶¶ 5-7.)

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 14-09857 SJO (MRWx)          **DATE:** January 26, 2015

substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation omitted) (internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.,* 314 F.3d 390, 393 (9th Cir. 2002). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Plaintiff's Complaint alleges only one state-law cause of action for unlawful detainer and eviction. (*See generally* Compl.) In the Notice, Defendant Nohomi Baides cites two federal statutes that allegedly give rise to a federal question. (Notice ¶¶ 5, 6.) Neither statute is referenced in the Complaint. (*See generally* Compl.) The Notice of Removal argues that Defendants lawfully withheld rent due to Plaintiff's refusal to permit reasonable modifications to the premises to accomodate one of the co-tenants' disabilities. The first statute cited is the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* The Notice of Removal, however, does not specify any provisions of this act that give rise to a federal question in this case. The second statute cited is the Americans with Disabilities Act, 42 U.S.C. § 3604(f)(3).

Even if Defendants could raise a legally cognizable defense to Plaintiff's unlawful detainer action under the Fair Housing Act or the Americans with Disabilities Act, such a defense, as stated above, cannot convert a state-law claim into a federal one. Thus, the parties' substantive dispute is still governed by state and local law. Defendants has failed to meet their burden of raising a federal question as the basis for exercising subject matter jurisdiction. *Vaden,* 556 U.S. at 60.

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. Because this matter is hereby remanded to the state court, this Court **DENIES** Defendant Nohomi Baides' Request to Proceed *in Forma Pauperis* **as moot**. This action shall close.

IT IS SO ORDERED.